UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILES H. MALOZIEC,

        Plaintiff,                                Case Number 17-10419
                                                              Honorable David M. Lawson
v.                                                            Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER,
AND DISMISSING COMPLAINT</u>**

The plaintiff filed the present action on February 9, 2017 seeking review of the Commissioner's decision denying his claims for supplemental security income under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Judge Whalen filed a report on January 16, 2018 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a non-substantive response. The matter is now before the Court.

The plaintiff, who is now 30 years old, filed his application for supplemental security income on June 22, 2012, when he was 25. He had no previous relevant work experience, and he alleged a disability onset date of January 1, 1998, due to bipolar disorder, anxiety, severe depression,

hypertension, panic disorder, chronic pain syndrome, a fractured right ankle, tendinitis, obsessive compulsive disorder, panic attacks, hip pain due to a previous injury, non-epileptic seizures, ticks, and a history of one epileptic seizure.

The plaintiff's application was denied initially on December 4, 2012. He timely filed a request for an administrative hearing, and on January 13, 2014, the plaintiff appeared before Administrative Law Judge (ALJ) B. Lloyd Blair. On February 24, 2014, ALJ Blair issued a written decision in which he found that the plaintiff was not disabled. On June 10, 2015, the Appeals Council remanded the case to obtain additional evidence on the plaintiff's conditions and for further consideration of the plaintiff's maximum residual functional capacity. On November 19, 2015, after conducting a second hearing, ALJ Blair again determined that the plaintiff was not disabled. On December 9, 2016, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff then filed his complaint seeking judicial review.

ALJ Blair reached his conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920(a). He found that the plaintiff had not engaged in substantial gainful activity since June 22, 2012 (step one); and the plaintiff suffered from a history of heroin abuse, alcohol abuse, obsessive-compulsive disorder (OCD), depression, and panic disorder, impairments which were "severe" within the meaning of the Social Security Act (step two). He also determined that the plaintiff's right ankle tenosynovitis was not severe, a finding not challenged in this case. The ALJ also found that none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that the plaintiff retained the capacity to perform a range of work at all exertional levels, but that he had substantial nonexertional limitations.

He found that the plaintiff's work: (1) must be limited to simple, unskilled tasks with one-to-three step instructions; (2) cannot require concentration on detailed/precision tasks, multitasking, reading, computing/calculating, or problem solving; and (3) cannot require teamwork, or working in close physical proximity to coworkers. (4) The plaintiff should have minimal contact with supervisors, and no contact with the public; and (5) he must be able to work at a flexible pace without quotas mandating a specific number of pieces per hour, or with up line or down line coworkers dependent on the plaintiff's productivity.

At step four, he found that the plaintiff had no past relevant work experience. In applying step five, the ALJ considered the testimony of a vocational expert, who stated that even with these limitations, the plaintiff could perform jobs such as assembler, with 1,500 jobs existing in southeast Michigan and 90,000 jobs existing nationally; inspector, with 1,000 jobs existing in southeast Michigan and 60,000 jobs existing nationally; and packager, with 1,500 jobs existing in southeast Michigan and 60,000 jobs existing nationally. Based on those findings and using Medical Vocational Rule 202.20 as a framework, which applies to a person limited to light work, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff sought judicial review of this decision, and filed a motion for summary judgment asking for an award of benefits. He did not take issue with the conclusion that he was not limited by exertional deficits. Instead, he argued in essence that the ALJ's determination that the plaintiff could perform any work continuously for eight hours per day, five days per week was not supported by substantial evidence. He points to the treatment records and opinions of his treating psychiatrist, Fred Stelson, M.D., who also testified at the administrative hearing, and insists that they were not given the appropriate weight. He contended the ALJ cherry-picked the evidence coming

from the activity logs and therapist Patrick Reid (who he refers to as "a Dr. Reid") to support the finding that the plaintiff's own description of his deficits is not fully credible. He also contended that the ALJ did not look to separate twelve-month periods to see if there was disability for a closed period.

These arguments were made in support of five discrete issues that he listed in his opening brief. The magistrate judge grouped them into two categories, addressing them in turn. He found that the ALJ fairly considered the record as a whole and did not misstate any facts, including the statements in the plaintiff's father's daily activity log; other observations by the ALJ, which the plaintiff characterized as "snippets" from the record, were contextually accurate; the consideration of Dr. Stelson's records and opinions was reasonably accurate and within the proper bounds, even for a treating source; the ALJ did not err in the conclusions he drew from Dr. Stelson's records and testimony, including later records dating from 2015; and the ALJ did not discount improperly the findings of consultative examiner Suzann Kenna. Next, the magistrate judge found that, although the plaintiff's argument that he was entitled to benefits for a closed period was "undeveloped," the ALJ properly evaluated the records of the plaintiff's treatment in 2012, 2013, and 2014 in finding no disability. The magistrate judge found no fault with the ALJ's reliance on the findings of Dr. Rose Moten, a non-examining records-reviewer, over the later records of Dr. Stelson.

The plaintiff filed timely objections. The Commissioner responded, arguing — incorrectly — that the objections were not specific enough and merely reprised the summary judgment brief. The defendant offered no substantive arguments.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the Commissioner's response and has made a *de novo* review of the administrative record in light of the parties' submissions.

**Plaintiff's Objections**

The plaintiff does not separately list his objections. Instead, he broadly objects to the magistrate judge's report and recommendation, arguing that the magistrate judge's and ALJ's findings are not supported by substantial evidence. His main focus is on his ability to perform tasks required of any job for a full workday. He points out that the vocational expert testified that if the plaintiff had to leave his work station to wash his hands numerous times each day, as his OCD

compelled him to do, for example, then he would not be fit for any job in the economy. He also insists that his other OCD symptoms, effects of depression, anxiety, and panic attacks, are disabling. And he characterizes the magistrate judge's report as perpetuating the "battle of the snippets," contending that the magistrate judge did not take into account evidence in the record that fairly detracts from the weight the ALJ assigned to certain medical record entries. The plaintiff asserts that the magistrate judge improperly relied on evidence of improvement in isolation without considering medical opinions and other notes that suggest that the plaintiff is unable to perform work on a regular and continuing basis.

It is apparent from his brief that the plaintiff is fully aware of the limited review powers of this Court in Social Security agency appeals. The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of

choice within which decisionmakers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotation marks and citations omitted).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir.2001 (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid.* (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner*, 745 F.2d at 388 (quotation marks and citations omitted); *see also Laskowski v. Apfel*, 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000).

The record plainly presents two views of the plaintiff's condition. Dr. Stelson, a treating source, describes the plaintiff in terms that cast substantial doubt on his ability to "perform sustained work on a regular and continuing basis." Social Security Ruling (SSR) 96-9p, 1996 WL 374185, at *2 (July 2, 1996). Therapist Patrick Reid, also a treating source, presents a picture of the plaintiff as coddled by his parents, and unmotivated to engage in work attempts for his own betterment. Other non-treating sources provide some evidence that tends to support one view or the other. That evidence is summarized in detail by the magistrate judge and need not be repeated here.

Certainly, Dr. Stelson presented a compelling portrayal of a plaintiff who would have difficulty staying on task for many of the days of a light-duty job, even within the limitations of the ALJ's RFC finding. And that opinion supports the plaintiff's own testimony describing his limitations. But as the magistrate judge observed, the ALJ did not disregard or fail to consider the opinions of Dr. Stelson, Ms. Kenna, or the Cruz Clinic records; he simply was unpersuaded, relying on the other contextual evidence in the record to reach a different conclusion, most notably the opinions of therapist Reid. And although the plaintiff contends that the ALJ drew unjustified inferences from the reports in the record of the plaintiff's daily living activities, those inferences were not beyond the pale and were permissible, even though another factfinder might reach the opposite conclusion.

There is persuasive evidence on both sides of the disability divide in this case. But the ALJ's decision certainly is within the "zone of choice" which shields it from "interference from the courts." *Bowen*, 800 F.2d at 545.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied

the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #17] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #18] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #11] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #14] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 16, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI